IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE MANUEL "JOE" LOPEZ, d/b/a MAZZ, | § § § | CIVIL ACTION NO. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| LEE MICHAEL "MIKE" GONZALEZ, JAMES "JIMMY" GONZALEZ, and JAMES "JIM" LUNA, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jose Manuel "Joe" Lopez d/b/a Mazz ("Plaintiff" or "Lopez") and files this Original Complaint against Defendants Lee Michael "Mike" Gonzalez, James "Jimmy" Gonzalez, and James "Jim" Luna (collectively, "Defendants"), and for cause of action alleges as follows:

**I. NATURE OF ACTION**

1. This is an action for federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), unfair competition under Texas common law, and related claims arising from Defendants' unauthorized use of Plaintiff's registered MAZZ trademarks in connection with musical performances and recordings.

**II. PARTIES**

2. Plaintiff Jose Manuel "Joe" Lopez d/b/a Mazz is an individual residing in Cameron County, Texas.

3. Defendant Lee Michael "Mike" Gonzalez is an individual residing at 1025 Hirma Lane, Schertz, Texas 78154, and may be served at that address or wherever he may be found.

4. Defendant James "Jimmy" Gonzalez is an individual residing at 1225 N. Expressway C1 #177, Brownsville, Texas 78520, and may be served at that address or wherever he may be found.

5. Defendant James "Jim" Luna is an individual residing at 705 Munson Place, Angleton, Texas 77515, and may be served at that address or wherever he may be found.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as this action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to these claims occurred in this district, and Defendants are subject to personal jurisdiction in this district.

8. This Court has personal jurisdiction over Defendants because they regularly conduct business in Texas, including in this district, and have committed acts of trademark infringement and unfair competition in Texas, including in this district.

### IV. FACTS APPLICABLE TO ALL COUNTS

9. Plaintiff is a renowned Tejano musician and performer who has continuously used the MAZZ mark in commerce for more than 40 years in connection with musical performances, recordings, and related merchandise throughout the United States and internationally.

10. Plaintiff owns the following valid and subsisting United States trademark registrations:

a) U.S. Registration No. 6436892 for "JOE LOPEZ Y GRUPO MAZZ" in International Class 9 for musical sound recordings and musical video recordings, and in International Class 41 for entertainment services in the nature of live musical performances (*see*, **Plaintiff's Exhibit A**, attached hereto); and

b) U.S. Registration No. 6952543 for "MAZZ" in International Class 9 for digital media featuring music performances and in International Class 41 for entertainment services in the nature of live musical performances (*see*, **Plaintiff's Exhibit B**, attached hereto).

11. Further, due to Plaintiff's continuous and widespread use of the MAZZ marks, he acquired common law copyright interests thereto. Since 1978 through the present, Plaintiff offered and promoted MAZZ and "Joe Lopez Y Grupo Mazz" in connection with the following: entertainment services, live performances, musical sound recordings, musical video recordings, downloadable and digital media, and physical and online retail services.

12. Plaintiff owns the goodwill and reputation of all services connected with and symbolized by the MAZZ marks. This goodwill is closely and uniquely identified with Plaintiff and his services.

13. Both Defendants have actual knowledge of Plaintiff's rights in the MAZZ marks. Defendant Gonzalez is the son of Plaintiff's former bandmate, Jimmy Gonzalez, who is now deceased, and is subjectively aware of Plaintiff's ongoing and continuous use of MAZZ for live and recorded performances. Defendant Luna previously served as a concert promoter for Plaintiff, giving him direct knowledge of Plaintiff's trademark rights and business operations, including the use of MAZZ.

14. Despite this knowledge, Defendants engaged in a pattern of unauthorized use of the MAZZ mark, particularly in connection with live performances under the name "Jimmy Gonzalez y Mazz," which is substantially similar in sight, sound, meaning, and commercial impression to Plaintiff's MAZZ mark (*see*, **Plaintiff's Exhibit C**, attached hereto). Defendants' infringing behaviors and unauthorized use of the MAZZ mark causes confusion, mistakes, and/or deceives the consuming public. Confusion between Plaintiff's MAZZ mark and the infringing mark(s) is compounded due to their competing presence in the niche Tejano music industry and Defendant Gonzalez's habitual references and allusions, both in-person and online, to Plaintiff and Plaintiff's band, Mazz (*see*, **Plaintiff's Exhibit D**, attached hereto).

15. To date, Defendant Gonzales hosts, attends, and performs at paid musical performances using and exploiting the MAZZ mark. These events are secured and/or promoted by Defendant Luna. Such events directly cut into business opportunities and profits available to Plaintiff. Defendants' infringing activities continue despite multiple notices of infringement and cease and desist letters from Plaintiff (*see*, **Plaintiff's Exhibit E**, attached hereto). Defendants' continued unauthorized use of the MAZZ mark dilutes the value of Plaintiff's Marks. As such, court intervention is imperative.

16. All conditions precedent have been performed or have occurred.

## V. CAUSES OF ACTION

### COUNT I

**Federal Trademark Infringement (15 U.S.C. § 1114)**

17. Plaintiff hereby incorporates by reference paragraphs 1-15 above.

18. Defendants' unauthorized use of the MAZZ marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

19. Defendants' actions have caused and, unless enjoined, will continue to cause irreparable injury to Plaintiff's business, reputation, and goodwill.

## COUNT II

### False Designation of Origin (15 U.S.C. § 1125(a))

20. Plaintiff hereby incorporates by reference paragraphs 1-18 above.

21. Defendants' unauthorized use of the MAZZ marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

### Federal Trademark Dilution (15 U.S.C. § 1125(c))

22. Plaintiff hereby incorporates by reference paragraphs 1-20 above.

23. The MAZZ marks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

24. Defendants' use of the MAZZ marks began after the marks became famous and has caused dilution by blurring and tarnishment of the distinctive quality of the marks.

## COUNT IV

### Common Law Unfair Competition

25. Plaintiff hereby incorporates by reference paragraphs 1-23 above.

26. Defendants' conduct constitutes unfair competition under Texas common law.

## COUNT V

### Tortious Interference with Business Relations

27. Plaintiff hereby incorporates by reference paragraphs 1-25 above.

28. Defendants' conduct has intentionally and tortiously interfered with Plaintiff's existing and prospective business relationships.

## VI. REQUEST FOR PRELIMIMARY INJUNCTION

29. Plaintiff will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending from infringing on Plaintiff's federally protected trademark, misappropriating the MAZZ mark in their live performances, interviews, and appearances, and defaming Plaintiff and/or Plaintiff's business.

30. Plaintiff has no adequate remedy at law because the intentional harm and confusion caused by Defendants, with respect to Plaintiff's business and personal reputations, most likely cannot be reversed even following a trial on the merits herein.

31. There is a substantial likelihood that Plaintiff will recover from Defendants at a trial on the merits because of the patently clear pattern, custom, history, and conduct of Defendants.

32. The harm faced by Plaintiff outweighs the harm that would be sustained by Defendants if the preliminary injunction is granted. Defendants' use of the MAZZ mark is continuous and unabashed. Defendants' actions and statements are causing irreversible harm to Plaintiff's business and livelihood.

33. Issuance of a preliminary injunction would not adversely affect the public interest. On the other hand, the harm that will result if the temporary restraining order is not issued is irreparable since Defendants continued and intentional use of the tradename "Mazz" for their own competing business creates confusion in the marketplace and dilutes the reputation and goodwill of Plaintiff's long-standing business.

34. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

35. Plaintiff asks the Court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

## VII. REQUEST FOR PERMANENT INJUNCTION

36. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## VII. ATTORNEY'S FEES

37. Plaintiff seeks attorney's fees and Court costs from Defendants. Plaintiff retained Showalter, Colgin & Davis, PLLC to represent him in this action and has agreed to pay reasonable and necessary attorney's fees. Such an award would be equitable and is authorized by 17 U.S.C. § 505 as well as Section 37.009 of the Texas Civil Practice and Remedies Code.

## VIII. DAMAGES

38. Plaintiff has suffered actual damages in an amount of not less than $250,000 by reason of the tortious acts of Defendants.

39. As to copyright damages, Plaintiff seeks statutory damages as provided by 17 U.S.C. § 504(c), *amended by* the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999."

40. Further, Plaintiff seeks an increase in statutory damages for Defendants' willful infringement as provided by 17 U.S.C. § 504(c), *amended by* the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999." Defendants have acted with conscious indifference and a total disregard for Plaintiff's rights in and to his federally protected trademark.

41. Plaintiff also prays for an award of punitive damages as a result of Defendants' willful and intentional conduct alleged under all non-copyright causes of action, as included above herein, in a sum in excess of $1,000,000. It is only through a significant award of punitive damages that Defendants will be deterred from their ongoing infringement of Plaintiff's intellectual property rights and attempts to harm his professional reputation and livelihood.

42. Plaintiff seeks recovery of court costs.

43. Plaintiff seeks recovery of reasonable and necessary court costs and attorney's fees, as provided by 17 U.S.C. § 505.

44. Defendants are jointly and severally liable for the damages incurred by Plaintiff.

## IX. DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor on all counts;

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from:

    1) Using the MAZZ marks or any confusingly similar variation thereof;

    2) Otherwise infringing the MAZZ marks or competing unfairly with Plaintiff;

    3) Making any false or misleading statements about Plaintiff or his services;

C. Award Plaintiff monetary damages, including:

    1) Actual damages under 15 U.S.C. § 1117(a);

      2)      Defendants' profits under 15 U.S.C. § 1117(a);

      3)      Treble damages under 15 U.S.C. § 1117(b);

      4)      Statutory damages under 15 U.S.C. § 1117(c); and

      5)      Exemplary damages under Texas law, as applicable.

D. Award Plaintiff his costs, attorneys' fees, as provided by 17 U.S.C. § 505, and pre- and post-judgment interest;

E. Order the destruction of any infringing materials, including any promotional materials; and

F. Grant such other relief as the Court deems just and proper.

Dated: April 15, 2025

                Respectfully submitted,

                SHOWALTER, COLGIN & DAVIS, PLLC

                By: /s/ William Madison Colgin, IV
                      William Madison Colgin, IV
                      SBN 007981113
                      SDID 602783

                      1117 FM 359, Suite 200
                      Richmond, Texas 77406
                      (281) 341-5577
                      (281) 762-6872 (FAX)
                      mail@scdlawpllc.com

                ATTORNEY FOR PLAINTIFF
                JOSE MANUEL "JOE" LOPEZ D/B/A MAZZ