United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE MANUEL LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00024 |
| | § | |
| LEE MICHAEL GONZALEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This is an action for federal trademark infringement and other related claims. (D.E. 1). Pending is Plaintiff's Motion for Default Judgment. (D.E. 28). For the reasons stated below, it is recommended that Plaintiff's Motion be **GRANTED** as to Defendant James "Jimmy" Gonzalez as to liability only and be **DENIED** as to Defendant Lee Michael "Mike" Gonzalez. (D.E. 28).

## I.    BACKGROUND

MAZZ is a Tejano music band formed in the late 1970s by Plaintiff Jose Manuel Lopez and the father of both Gonzalez Defendants, who passed away in 2018. Plaintiff registered the trademark for "Joe Lopez y Grupo Mazz" on August 3, 2021 and registered two trademarks for "Mazz" on January 17, 2023 and December 17, 2024, respectively. (D.E. 37-1, Pages 1 and 3). On April 15, 2025, Plaintiff filed this complaint asserting a

claim for trademark infringement and other similar claims against Defendants related to their alleged unauthorized use of Plaintiff's registered MAZZ trademarks in connection with musical performances and recordings.  (D.E. 1).

Defendant Lee Michael Gonzalez was served with the complaint in this case on May 31, 2025 and Defendant James Gonzalez was served on July 18, 2025.  (D.E. 16 and D.E. 23).  Therefore, their responsive pleadings were due on or before June 21, 2025 and August 18, 2025, respectively.  Fed. R. Civ. P. 12(a)(1)(A)(i).  On November 5, 2025, Plaintiff filed an Application for Entry of Default Judgment against both Gonzalez Defendants.  (D.E. 26).  Plaintiff then filed the pending Motion for Default Judgment against both Gonzalez Defendants, asserting they failed to timely answer or otherwise appear in this case, on November 24, 2025.  (D.E. 28).  Thereafter, on December 9, 2025, Defendant Lee Gonzalez filed an Answer.  (D.E. 29).  The Clerk of Court entered an Entry of Default against Defendant James Gonzalez on January 8, 2026.  (D.E. 30).

On March 19, 2026, the Motion for Default Judgment was referred to the undersigned who held a hearing on April 23, 2026, ordering Plaintiff to file appropriate damages affidavits in support on or before May 22, 2026.  (D.E. 31 and D.E. 36).  Plaintiff has filed two affidavits in support.  (D.E. 35 and D.E. 37).  At the hearing, Plaintiff's counsel indicated he was proceeding with his request for default judgment solely against non-appearing Defendant James Gonzalez.

## II.    DISCUSSION

Plaintiff asserts he is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  Rule 55 permits the Court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defense, and that failure is shown by affidavit or otherwise…"  Fed. R. Civ. P. 55.  "Rule 55(b) provides for entry of default judgment either by the clerk of by the court.  If the amount of damages is not for a sum certain or cannot be determined by computation, the court must make a determination of damages before entering default judgment."  *Ashburton Int't Supply, S.L. v. Venezuela*, No. 4:20-cv-2426, 2024 WL 4720605, at *2 (S.D. Tex. Sept. 2, 2024) (citing Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings...it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence; or investigate any other matter.")  "A default judgment 'is a judgment on the merits that conclusively establishes the defendant's liability'" and requires the entry of a default and then a default judgment. *Id*. (citations omitted).  Further, a  plaintiff seeking default judgment is not entitled to it simply because a defendant has failed "to meet a procedural time requirement."  *Id*. (citation omitted).  The pleadings must provide a sufficient basis for a judgment to be entered as "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" and are taken as true. *Id*.

There are six factors courts consider when determining whether the entry of default judgment is appropriate, specifically, whether (1) material issues of fact exist; (2) there has

been substantial prejudice; (3) grounds for default are clearly established; (4) default was caused by a good faith mistake or excusable neglect; (5) the court would be obliged to set aside the default on defendant's motion and (6) the default judgment is a harsh remedy. *Ashburton*, 2024 WL 4720605, at *5 (citation omitted).

Here, the complaint, taking the facts set forth as true, establishes Plaintiff has several trademarks for "Mazz" and Defendant James Gonzalez has used and/or identified himself as "Mazz" in connection with at least one musical performance without Plaintiff's consent. (D.E. 1). Therefore, the complaint clearly establishes a trademark violation and Plaintiff has been accordingly prejudiced by its use. Plaintiff fulfilled his service obligation, the deadline for filing a responsive pleading has long since passed and the Clerk of Court has entered a default, clearly establishing the grounds for default. To date, Defendant James Gonzalez has failed to make an appearance, to file a responsive pleading or to otherwise participate in this case. There is no evidence of a good faith mistake. Further, given the nature of the damages in this case, a default is not a harsh remedy and there is no reason currently apparent to the undersigned that would require the Court to set aside the default upon Defendant James Gonzalez's motion. Therefore, the undersigned recommends all requirements for default judgment as to liability against Defendant James Gonzalez have been met and entry of default judgment is appropriate. The undersigned further recommends Plaintiff's request for a permanent injunction enjoining Defendant James Gonzalez and his agents from using the Mazz trademarks be entered. (D.E. 1, Page 7 and D.E. 28, Page 2).

However, as discussed below, the undersigned recommends Plaintiff be required to file a motion for damages and the Court set further hearings as contemplated by Rule 55(b)(2)(B) regarding the quantum of damages as well as attorney's fees and costs, in addition to other injunction requests.  While Plaintiff has submitted two affidavits in support of his claim for attorney's fees and costs as well as damages, the undersigned recommends these are insufficient to establish the relief sought.  Plaintiff requests an award of monetary damages pursuant to 15 U.S.C. § 1117 (Recovery for violation of trademark rights) as well as exemplary damages under Texas law as well as his costs, attorney's fees as provided by 17 U.S.C. § 505 (Remedies for infringement: Costs and attorney's fees) along with pre- and post-judgment interest.  Additionally, Plaintiff requests the Court order the immediate destruction of any infringing materials, including any promotional materials, both tangible and digital, and requests additional terms for a permanent injunction preventing Defendant Jamez Gonzalez  from "[m]aking any false or misleading statements about Plaintiff or his services."  (D.E. 28, Page 2).

Plaintiff's counsel has submitted an affidavit requesting attorney fees in the amount of $27,345.75 and costs in the amount of $271.00, averring these fees reflect only the work necessary to prosecute Plaintiff's claims against Defendant James Gonzalez.  (D.E. 35, Pages 3-4).  However, upon review, there are several line items included in this amount for work which appear to include, either jointly or singly, work related to one or both of the other defendants in this case and is being charged fully to the Defendant James Gonzalez

and several line items that appear to have no mention of Defendant James Gonzalez at all but are included.  (D.E. 35-1).

Further, Plaintiff was released from incarceration in 2018, after serving a portion of his sentence for aggravated sexual assault of a child.  (D.E. 37-3 and D.E. 37-5).  While not specifically pleaded, in the declaration of Sandra Lopez, Plaintiff's wife and manager, in support of the pending Motion and damages request, she avers Defendant James Gonzalez "began an online campaign to public harass and disparage" Plaintiff by "pressuring venues to cancel performances for 'Joe Lopez Y Grupo Mazz' that were already booked as well as encouraging public protests against the band" asserting Plaintiff is "a rapist, pedophile, and has multiple underage victims."  (D.E. 37, Page 2 and D.E. 37-2).  Ms. Lopez avers these actions have resulted in lost business and performance opportunities in 2021 and 2025 and, along with trademark infringement and the revocation of a lifetime achievement award, have caused $210,000.00 in damages.  (D.E. 37, Page 3).  However, the undersigned recommends Plaintiff has not submitted sufficient evidence to establish a damages award for this amount or for further restraining Defendant James Gonzalez beyond his use of the Mazz trademarks.

## III.    RECOMMENDATION

After carefully reviewing the pleadings, affidavits and relevant legal authority, the undersigned **RECOMMENDS** Plaintiff's Motion be **GRANTED** as to Defendant James Gonzalez as to liability only.  (D.E. 28).  The undersigned further **RECOMMENDS**

6 / 8

Plaintiff be required to file a motion for damages, and supporting affidavits and other materials, to establish the amount of the default judgment and any further injunctive relief.

ORDERED on May 27, 2026.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).