United States District Court
Southern District of Texas
**ENTERED**
November 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE MANUEL LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 6:25-CV-00024 |
| | § | |
| LEE MICHAEL GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 54). The M&R recommends the Court deny Plaintiff's motion for damages without prejudice. *Id.* at 6. Plaintiff filed written objections. (D.E. 56).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

Plaintiff primarily objects to the M&R because it applied the legal standard for calculating actual damages rather than statutory damages. The Court recognizes that Plaintiff's First Amended Complaint elects statutory damages pursuant to 17 U.S.C. § 504(c). (D.E. 39, p. 13). Plaintiff's damages motion, however, does not reference that election. *See generally* (D.E. 44). Nor does

Plaintiff's motion propose an appropriate amount of damages within the applicable statutory range. Rather, Plaintiff's motion cites generally to a declaration, but does not attach or incorporate the declaration in any meaningful way.

The Court also shares the M&R's concern regarding Plaintiff's billing methods. In his objections, Plaintiff indicates "counsel would welcome the opportunity to address these concerns with revised, further-segregated billing records if the Court permits." (D.E. 56, p. 10). The Court will permit Plaintiff to file revised billing records with further segregation.

Ultimately, the Court agrees with the M&R that Plaintiff's damages motion should be denied without prejudice. Accordingly, the Court **OVERRULES** Plaintiff's objections, (D.E. 56), **ADOPTS** the findings and recommendations of the M&R, (D.E. 54), and **DENIES** Plaintiff's motion for damages **without prejudice.** (D.E. 44). Plaintiff may file an amended motion for damages **on or before December 1, 2026.**

The amended motion **SHALL** specify Plaintiff's damages election, attach any supporting documentary evidence, and propose an appropriate amount of damages within the applicable statutory range. Plaintiff may also attach revised billing records. Plaintiff is not permitted to request additional attorney fees or costs associated with preparing the amended motion for damages consistent with this Order.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
November 5th, 2026